UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Nos. 3:19-CR-65-TAV-DCP |
| ) | 3:21-CR-59-TAV-DCP |
| ) | |
| CIARA M. REYNOLDS, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the undersigned on the question of whether Defendant Ciara Reynolds violated her conditions of release and, if so, whether there are additional conditions that will assure the safety of the community during any period of continued release pending her sentencing, which is presently scheduled for March 9, 2022. *See* 28 U.S.C. § 636(b). Defendant appeared via summons for her initial appearance on the instant Petition for Action on Conditions of Pretrial Release ("Petition") before the undersigned on January 18, 2022. The Petition was filed on January 26, 2022, in both of Defendant's pending cases: 3:19-CR-65 [Doc. 767] and 3:21-CR-059 [Doc. 9].[1] Assistant United States Attorney Brent Jones appeared on behalf of the Government, and Attorney Mike Whalen represented Defendant, who was also present.

By way of background, Defendant has two cases pending before the Court. In Case No. 3:19-CR-65, Defendant is charged in a Superseding Indictment [Doc. 99] with conspiracy to distribute four hundred (400) grams or more of a mixture and substance containing a detectable amount of fentanyl and one kilogram or more of a mixture and substance containing a detectable

---

[1] All docket references will be to 3:21-CR-59 unless otherwise indicated.

amount of heroin and with distribution of 40 grams or more of a mixture and substance containing a detectable amount of fentanyl and heroin. In Case No. 3:21-CR-59, Defendant is charged in an Information with withholding information on a crime [Doc. 1]. Defendant was released on the same conditions in both cases, which include that she not use or unlawfully possess controlled substances, that she submit to testing for prohibited substances, and that she report to her Probation Officer every contact with law enforcement personnel, including any arrests. In the latter case, Defendant entered a Change of Plea before District Judge Thomas A. Varlan on September 27, 2021, at which time, Judge Varlan allowed the Defendant's release on the conditions imposed by the undersigned pending her March 9 sentencing hearing.

Prior to the instant Petition, Defendant was charged with noncompliance in January 2021, involving multiple positive drug screens for marijuana, failure to submit to drug screens, and traveling outside the District without permission. At that time, Defendant did not contest the basis for the petition, but asked the Court to consider permitting her to enter into an intensive inpatient treatment program as an alternative to incarceration. Giving Defendant an opportunity to deal with her addiction and reiterating to her the absolute necessity of strict compliance with the conditions of pretrial release, the Court granted Defendant permission to enter the treatment program by Order entered January 28, 2021 [No. 3:19-CR-65, Doc. 587].

At the January 18 hearing, the Government moved to revoke Defendant's release conditions, contending that Defendant failed to report for two random drug screens on October 8, 2021, and December 14, 2021,[2] and that she failed to notify her Probation Officer of an arrest on July 15, 2021 in Hamblen County, Tennessee, stemming from a failure to pay for a car rental in

---

[2] The Petition states that Defendant failed to report for a random drug screen on December 4, 2021, but Probation Officer Smith explained that the date was a typographical error and that the correct date was December 14, 2021.

2

October 2020.[3]  Attorney Whalen explained that Defendant had a hearing date to appear in Hamblen County General Sessions Court the following day, January 19, 2022, and requested that she be allowed to attempt to resolve the matter before proceeding with the revocation hearing, noting that Defendant had made payments toward the subject debt.  The Court granted the request and reset the hearing for January 26, 2022.

Following the January 26 hearing, the Court took the matter under advisement for preparation of a Report and Recommendation on the Petition and Defendant's continued release, for ultimate determination by the District Judge.  The Court ordered that Defendant could remain on conditional release, pending Judge Varlan's ruling on the Petition, with enhanced reporting and testing requirements, which were explained to Defendant in open court.[4]

I.     POSITIONS OF THE PARTIES

At the hearing, the Government asserted that the instant violations, coupled with Defendant's previous violation of her pretrial release conditions, warranted detention until the time of her upcoming sentencing hearing.  The Government argued that Defendant has been given ample opportunity to comply with her release conditions but continues to demonstrate an inability to follow simple instructions of reporting for all random drug screens and notifying her Probation Officer of her arrest in Hamblen County.  Noting that Defendant's sentencing was just a few weeks away and anticipating that she will be subject to some term of imprisonment, the Government

---

[3] As reflected in the Petition, the subject Arrest Affidavit stated, "On or around October 17, 2020[,] Ciara Monique Reynolds went to Empire Car Rentals located at 1709 W Morris Blvd and returned a vehicle she had rented on September 18, 2020.  Reynolds attempted to pay for the rental using a credit card number that was stolen out of North Carolina.  When this card was declined Ms. Reynolds left owing Empire $1106.99.  Ms. Reynolds has refused to pay this or return phone calls.  This did occur in Hamblen County" [Doc. 9, p.2].

[4] The Court outlined that Defendant would be required to report to USPO weekly for a status check, with alternating weeks being in-person meetings with her Probation Officer and that she would be subject to more frequent drug testing as deemed necessary by USPO.

further argued that detention was appropriate and that Defendant's second round of noncompliance calls into question whether she can be adequately supervised.

As an initial matter, Attorney Whalen reported that Defendant had resolved the Hamblen County matter by making full payment of the debt obligation, resulting in dismissal of the charge.[5] Then, Defendant proceeded by proffer stating that she missed the drug screens because she forgot to make the call on the two occasions. She emphasized, however, that all her screens have been negative since successfully completing the residential treatment program on February 28, 2021, and that she has maintained continuous full-time employment. Mr. Whalen argued that Defendant's supervising probation officer does not believe Defendant missed the two drug screens because Defendant thought she would test positive. Mr. Whalen also pointed out that Defendant Reynolds tested negative for controlled substances the morning of the hearing.

With regard to her arrest on July 15, 2021, while not denying that she failed to notify her Probation Officer of the arrest, Defendant proffered that the matter stemmed from a car rental and resulted in a contractual debt that she understood would be dismissed upon full payment of the obligation. Defendant had been making payments toward the debt, and made final payment on January 19, 2022, the day after her initial appearance on the instant Petition. When law enforcement came to her home to arrest her on the Hamblen County charges, she came home from work to meet them. Defendant asserted that while being transported to jail, she expressed concern about getting in trouble with her probation officer, and the officer told her that this charge would "go away." Defendant also argued that her youth and inexperience with the criminal justice system may have impacted her ability to fully comprehend the potential consequences of her actions.

---

[5] Attorney Whalen further explained that he had called the Hamblen County General Sessions Court Clerk to verify the disposition and was told that no information could be provided, indicating the matter had been or was in the process of being expunged from the record.

4

Case 3:19-cr-00065-TAV-DCP   Document 829   Filed 02/01/22   Page 4 of 7   PageID #: 4984

Defendant argued that she has maintained employment, has the support of her family, and that her mother was with her at the hearing. Pointing to the fact that aside from her pending federal charges, Defendant does not have a serious criminal history and compliance with her summons to appear and address the Petition, Defendant requests to be allowed to continue on her release conditions until her sentencing, with any additional conditions the Court deems appropriate.

## II. ANALYSIS AND FACTUAL FINDINGS

"A person who has been released under [18 U.S.C. §] 3142 . . . and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). After a hearing, the Court *shall* revoke the defendant's release and detain the defendant, if it finds probable cause to believe the defendant has committed another crime while on release or clear and convincing evidence that the defendant has violated any other condition of release and the Court also finds "there is no condition or combination of conditions of release that will assure the person will not flee or pose a danger to the safety of any other person or the community" or that "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2).

In the instant case, the Court conducted a hearing pursuant to 18 U.S.C. § 3148 to determine whether Defendant Reynolds violated the terms of her pretrial release and, if a violation has occurred, whether sanctions are appropriate. Based upon the sworn allegations in the Petition as well as the parties' proffers as detailed above, the Court finds by clear and convincing evidence that Defendant violated the conditions of release that she submit to drug testing and that she report all contact with law enforcement officials, including any arrests. In this regard, the Court finds that Defendant failed to report for two random drug screens and failed to report her July 15, 2021 arrest in Hamblen County. While Defendant offered excuses of forgetting to make necessary calls

5

pertaining to the two drug screens and believing that the charge for which she was arrested would ultimately be dismissed, Defendant presented no evidence to dispute that the violations actually occurred. Accordingly, the Court finds there is clear and convincing evidence that Defendant violated the conditions of her release.

The Court next turns to the question of whether conditions exist that would reasonably assure Defendant would not flee or be a danger to the community or whether "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2). Here, while acknowledging that Defendant does not have a significant criminal history, the Government asks the Court to detain Defendant pending her sentencing based on her demonstrated inability to abide by the conditions of her release.

Taking into account Defendant's successful completion of an intensive treatment program with no positive drug screens since that time and her ability to maintain employment, the Court is of the opinion that enhanced monitoring of Defendant with frequent checks of her compliance with the conditions of release may be imposed to assure her that she strictly abides by the conditions and will not flee or pose a danger to the safety of any other person or the community. The Court does not consider these charged violations to be minor in nature and admonishes Defendant that her youth and inexperience with the criminal justice system will not excuse her from the mandate to fully comply with all conditions of her release.

Accordingly, the Court **RECOMMENDS** that the District Judge find that Defendant Reynolds has violated her conditions of release but that enhanced monitoring of Defendant, through weekly status checks and more frequent testing, if deemed appropriate by USPO, may be imposed to assure she will not flee or pose a danger to the safety of the community and will follow the mandates of all conditions of her release.

### III. CONCLUSION

The Court finds Defendant Reynolds has violated her conditions of release. However, the Court finds there are conditions that will assure Defendant Reynolds will not pose a danger to the safety of any other person or the community and will adhere to the conditions of release. Accordingly, the Court **RECOMMENDS** that Defendant Reynold's reporting obligations to USPO be enhanced such that weekly reporting is required on such schedule and by such means as her Probation Officer deems appropriate, and further, that more frequent drug testing occur, if deemed necessary. The Court notes that Defendant's current release conditions allow for enhanced monitoring and testing at the discretion of USPO without formal modification.

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge